PARSONS, appellant, v. COBURN, administratrix, etc.

*Contract for sale of real estate — stipulations as to cutting timber — application
of moneys received by vendor.*

Plaintiff and C. made a contract, whereby C. agreed to convey to plaintiff a
farm at a specified price. Plaintiff, on his part, agreed to pay such price,
and also to cut and deliver to C. all the spruce timber on the farm at a cer-
tain price; he also agreed to cut and deliver hemlock logs and peel hemlock
bark for G. at certain rates. A portion of the moneys due for such timber
and bark was to be applied toward the payment of the purchase-money of
the farm, the remainder to be received by plaintiff, in cash. The contract
further provided, that until the deed of the farm was delivered, C. should
remain in possession, and plaintiff should not cut or sell, except as above
stated, any timber standing on the premises. A firm of bridge builders,
wishing some timber, applied to plaintiff to sell them some. Plaintiff asked
C. to consent to his doing so; C. refused, unless a certain proportion of the
price was paid to him, and an agreement of sale was made whereby C. was
to receive a share. Under this agreement, C. received from the firm of
bridge builders $431.68.

*Held*, that in the absence of an express agreement that C. might take the money received by him to his own use, it would be applicable on the contract for the sale of the farm toward the purchase price. The consent, however, of C. would furnish a sufficient consideration for an agreement that he might receive such money to his own benefit.

APPEAL from a judgment entered in favor of defendant, upon the report of a referee directing the complaint to be dismissed. The facts sufficiently appear in the opinion. The action was commenced against Wm. M. Coburn, who died during its pendency, and the administratrix of the deceased was substituted.

*Cornelius E. Stephens*, for appellant.

*George Gilbert & Levi H. Brown*, for respondent.

MULLIN, P. J. On the 23d of November, 1869, the plaintiff and defendant's intestate entered into a contract under their respective hands and seals, whereby the said intestate, William M. Coburn, covenanted and agreed to sell and convey unto the plaintiff, a farm of land, in the town of Croghan, in the county of Lewis, at and for the price of $2,379.12, payable in three equal annual payments, with interest from the date of said contract, said payments to be made on the 29th of November in each year, or as much sooner as the plaintiff might choose to make them.

The plaintiff, on his part, agreed to purchase and pay for said land as above specified, and that he would, during the then ensuing winter, cut and deliver to the said Coburn, upon the bank of Beaver river, all the spruce timber then standing or being on said farm, Coburn to pay therefor certain prices per thousand feet, part of said sum to be indorsed on the contract, and part to be paid to the plaintiff as the work progressed.

By the said contract, the said Coburn further agreed to indorse' on said contract one dollar for each one thousand feet of good merchantable hemlock logs, and to pay to the plaintiff two dollars per thousand in addition thereto as the work progressed.

Plaintiff agreed to peel hemlock bark, for which Coburn agreed to apply two dollars per cord of the price received for the same on the land contract, and the balance to be paid to plaintiff.

The said contract provided, that said Coburn should retain possession of said premises until the execution and delivery of the deed,

and the entrance of the plaintiff upon and occupation of said premises by the plaintiff should be as a servant of said Coburn, and not otherwise. It further provided, that plaintiff should not cut or sell any timber standing or being on said premises prior to the delivery of the deed, except as in said contract expressly provided.

In the summer of 1870, R. N. Gere & Co., of Syracuse, being in want of timber for building a bridge across Black river, near the premises in question, applied to plaintiff to sell them certain kinds of timber needed for said bridge. The plaintiff applied to Coburn for his consent to the sale of said timber, Coburn refused to consent, unless Gere & Co. would agree to pay to him, once at least in each month, during the progress of the work, one-third part of the contract price for timber used as piles, and ten dollars per thousand for all hemlock used, and to pay him one-quarter of the contract price on all hard wood. Gere & Co. did agree to pay to Coburn the proportion demanded, and thereupon, bridge timber was got and used by Gere & Co. They paid to Coburn, on their agreement with him, $431.68, and the balance of the price of the timber was paid to the plaintiff.

The plaintiff claims and insists that this sum of $431.68 should be indorsed as a payment on said contract. The defendant, as the representative of said Coburn, claims and insists that this sum belongs exclusively to him, and is not applicable on the contract. Her ground for making the claim is that this sum was paid the intestate for his consent; the timber might be cut, and as a compensation for the injury to the land, whereby his security for the unpaid purchase-money was lessened.

The sole question for our consideration is whether defendant, as the representative of Coburn, is entitled to appropriate said money to the use of the estate, or whether plaintiff is not entitled to have it indorsed on his contract.

The referee, to whom the issues were referred for trial, has found that defendant, as administratrix, was entitled to said money, and that he was not under any obligation to indorse it on the contract.

The plaintiff, in his complaint, alleges that other sums besides the said $431.68 had been paid to Coburn, to apply on said contract, and that he requested him (C.) to indorse, etc., said last-mentioned sum on the contract, but he refused, and therefore he (plaintiff) procured one Ward to offer to pay up for said land, and take a deed of the same, but Ward refused to pay unless said sum, with others,

as to which there was no dispute, were indorsed; C. refused to indorse said sum, and no other offer or tender was made.

This action was then commenced to compel said Coburn specifically to perform said contract, upon payment to him of what should be found due thereon, after applying said sum of $431.68, together with certain sums specified in the complaint. The referee dismissed the complaint, with costs, and from that judgment plaintiff appeals.

Coburn, by his contract, sold to plaintiff not only the land described in it but all the timber growing thereon. From the delivery of that contract the plaintiff was the equitable owner of the timber; the legal title remained in Coburn. Dart. on Vend. & Purch. 116, 306.

The plaintiff being restrained, by the contract, from cutting or selling timber until he got a deed of the land, it remained as security for the performance of the contract. If Coburn cut and carried away, or permitted to be cut and carried away, any of the timber, he was bound to account to the plaintiff for the value of such timber. He had, therefore, no title to the timber sold to Gere & Co., which was the subject of sale. But holding, as he did, the legal title, and the plaintiff being unable, without C.'s consent, to sell the timber, he (C.) might require the payment of such sum as he deemed proper as a condition precedent to giving his consent. This is what he claims to have done, and is substantially what the referee has found he did.

If any such condition was imposed, proof of it must be found in the evidence of Coburn himself.

He says plaintiff applied to him for his consent that the timber for the bridge be cut on the land. He refused several times. He (C.) was to have one-third of the price, and if it did not cost him one-third to get it out he would put the rest on the land contract. He (C.) consented, provided it was so arranged that the contractors should pay him what was coming to him. Gere & Co. refused to enter into a contract to pay C., and he refused his consent. He finally consented to take one-fourth of the hard wood and hemlock, and one-third of the spruce. Gere & Co. agreed to pay him their proportions, and he assented that the timber might be cut. There was no agreement that the proportion he was to have should be indorsed on the contract. When plaintiff first came to get his consent he offered him what he could get for sawing, to wit, $3.50 per thousand feet. He said he (C.) would have for himself one-third.

He was making $2 per thousand on the lumber and timber, delivered to him by plaintiff. Plaintiff said C. could have one-third for his interest in the timber. He (plaintiff) agreed to indorse on the contract what he got less C.'s one-third, and what it cost to get it out.

He (C.) asked plaintiff what he meant by C.'s taking one-fourth. Plaintiff said if C. took one-fourth, he would indorse one-third on the contract. C. was only to have one-fourth to indorse on the contract, and plaintiff said he would have one-third indorsed, but wanted him (C.) to take one-fourth instead of one-third for his share.

The plaintiff testified that there was no agreement to allow C. one-third or any other portion of the avails of the bridge timber.

Another witness testified that while he was at work for plaintiff, getting out the bridge timber, he (plaintiff) "told me he had to pay C.'s saw bill for some timber that C. did not get himself."

The referee finds that in August, 1870, it was agreed between plaintiff and Coburn that the former might cut and sell from the land described in the contract certain logs, lumber and piles to Gere & Co., and that defendant should receive from said firm, as payment to him for his portion of interest in said logs, etc., and his consenting to Gere & Co. having them; one-quarter of the price to be given for the hard wood and hemlock, and one-third of the price to be given for spruce and piles. He further found that it was agreed between plaintiff and defendant that after said proportional amount was paid to defendant, the balance of said money, coming from Gere & Co. for such timber, etc., should be applied on the contract for the purchase of the land, after deducting the expenses incurred in getting out the timber, etc.

Coburn doubtless intended to testify and the referee to find that the money to be paid by Gere & Co. to C. was for his (C.'s) sole benefit, and was in no contingency to be applied on the contract, but it is not distinctly so found. The finding is that the money was to be paid for C.'s proportion of interest in the logs, and his consent that Gere & Co. might have the logs.

C. had, as I have already remarked, no interest in the timber which was the subject of sale, so as to enable him to hold the avails for his own individual benefit, discharged of any claim of the plaintiff. If he sold, the plaintiff was entitled to have the proceeds applied on his contract, and the money paid by Gere & Co. to C. would, in the

Parsons v. Coburn.

absence of an express agreement that C. might take it to his own use, be applicable on the contract; and we must assume that the referee has found that the money received by C. from Gere & Co. belonged to him (C.) in his own right, in consideration of his con senting to the sale of the timber to Gere & Co.

Coburn's consent furnished a sufficient consideration for the plaintiff's agreement that C. might receive such money to his own benefit.

The question whether the findings of fact are supported by the evidence is not before us, as the case does not state that it contains all the evidence.

The judgment in this case, if it shall be permitted to remain as it is, may be held conclusive against the plaintiff, on several matters embraced in the pleadings.

1st. Plaintiff claimed, and it was conceded on the trial, that C. had received, to apply on the contract, $145, for timber, etc., sold from the land. The referee finds the fact, but holds that it furnishes no ground for sustaining the action.

2d. C. entered on the land and cut and carried away a quantity of timber, and this the referee finds furnishes no ground for sustaining the action.

3d. Ward offered to C. to pay up the purchase-money of the lands, and take a conveyance of the same, but the offer was conditioned upon the allowance by C. of the $431 above referred to; the referee finds that, as the money was not applicable on the contract, it furnishes no ground for maintaining the action.

4th. There were sundry payments made on the contract in addition to those mentioned above, sworn to by the plaintiff, but there is no finding by the referee in regard to them.

The judgment dismisses the complaint, with costs; a dismissal of the complaint is as conclusive between the parties as a judgment giving relief.

It would be unjust to the plaintiff to deprive him of the right to maintain an action for specific performance upon facts entitling him thereto, and in that or some other action of the benefit of such payments as have been made on the contract.

The judgment should be modified, by inserting therein a provision that it should be without prejudice to the right of the plaintiff to bring another action. As modified, it should be affirmed with costs. *Judgment accordingly.*